```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
KURT L. KLESTADT,

                        Plaintiff,
                                                                    **MEMORANDUM & ORDER**
        -against-
                                                                    14-CV-2831 (NGG) (LB)
ARNE DUNCAN, SECRETARY OF
EDUCATION, U.S. DEPARTMENT OF
EDUCATION, and NYC BOARD OF
EDUCATION,

                        Defendants.
------------------------------------------------------------X
```
NICHOLAS G. GARAUFIS, United States District Judge.

Pro se Plaintiff Kurt L. Klestadt brings this employment discrimination action against Defendants the U.S. Department of Education ("DoED")[1] and the New York City Board of Education ("BOE"), for violations of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e to 2000e-17 ("Title VII"), and the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. §§ 621-34. (See Compl. (Dkt. 1).) Plaintiff alleges that Defendants discriminated against him on the basis of his gender, national origin, and age. (Id. ¶ 7.) Defendants have moved to dismiss the Complaint for failure to state a claim pursuant to Federal Rules of Civil Procedure 12(b)(6). (See DoED's Not. of Mot. ("DoED's Mot.") (Dkt. 33);

---

[1] Plaintiff originally named the U.S. DOE as a defendant in this action. (Compl.) The court first notes that U.S. DOE is the acronym for the U.S. Department of Energy rather than the U.S. Department of Education. Defendant DoED also argues that Plaintiff should have named Arne Duncan, Secretary of Education, U.S. Department of Education, because the proper defendant in a Title VII or ADEA lawsuit is the "head of the federal agency in which the alleged discriminatory actions occurred." (Mem. in Supp. of DoED's Mot. (Dkt. 34) at 5-6 (quoting Tulin v. U.S. Postal Serv., No. 06-CV-5067 (JS) (ARL), 2008 WL 822126, at *4 (E.D.N.Y. Mar. 25, 2008)).) The DoED requests that the caption be amended to substitute U.S. DOE with Secretary Duncan, which the court grants. See Elhanafy v. Shinseki, No. 10-CV-3192 (JG) (JMA), 2012 WL 2122178, at *11 (E.D.N.Y. June 12, 2012) (amending caption to include proper defendant in a pro se action); see also Fed. R. Civ. P. 15(a)(2) ("The court should freely give leave [to amend] when justice so requires."). The Clerk of Court is respectfully directed to replace U.S. DOE with Arne Duncan, Secretary of Education, U.S. Department of Education, in the case caption.

1

BOE's Not. of Mot. ("BOE's Mot.") (Dkt. 28-1).) For the reasons stated below, the court GRANTS both motions to dismiss, and GRANTS Plaintiff leave to amend the Complaint.

I.  BACKGROUND

The following facts are drawn from the Complaint and the court takes them as true for purposes of Defendants' motions to dismiss.

Plaintiff is a male of German national origin and was born in 1928. (Compl. ¶ 7.) In 1980, he became a probationary teacher at the BOE. (Id. ¶ 8.) He received tenure at some point during the 1980s. (Pl.'s Aff. in Opp'n to Defs.' Mot. ("Pl.'s Opp'n") (Dkt. 28-4) at 3.) Plaintiff alleges a series of incidents during his employment with the BOE. (Compl. ¶ 8 & 8-9.)[2] Specifically, Plaintiff alleges that he was discriminated against on October 20, 1993, February 23, 2013, and March 3, 2014, on the basis of his gender, national origin, and age. (Id. ¶¶ 5, 7.)

While Plaintiff was working at the High School of Graphic Communication Arts, the Dean of the school claimed that Plaintiff allowed one of his students to roam the halls unattended. (Id. ¶ 8.) Plaintiff disputed this claim and informed his supervisor that he generally does not allow his students out of the classroom. (Id.) While working at a separate school, Plaintiff was assigned to patrol the halls, which he explains was not part of his duties as a teacher. (Id. at 8.) On another occasion, Plaintiff received a telephone message from an unspecified person, in which the person stated, "'they' . . . were after [Plaintiff] or better [his] job." (Id.) After these incidents, Plaintiff consulted with a colleague at the United Federation of Teachers, a teachers' union, who told Plaintiff that he would receive a conference with the

---

[2] Plaintiff used a pro se form complaint to initiate the instant action, appending additional pages to end of the form for further allegations. The pro se form contains enumerated paragraphs, but the additional pages do not. The court will cite to paragraph numbers where available, and the page numbers of the Complaint otherwise.

school administration if he resigned. (Id.) Plaintiff resigned on October 20, 1993, after reaching 65 years of age. (Id.) Plaintiff never received a conference with the administration. (Id.)

At some point after his resignation, Plaintiff began working again for the BOE, this time as a substitute teacher. (Id.) On March 15, 2013, the BOE sent a letter to Plaintiff regarding his performance. (Id. at 7.) The letter noted that Plaintiff had been notified in an earlier December 3, 2012, letter that his performance at past assignments had been deemed unsatisfactory. (Id.) The letter also stated that on or about February 22, 2013, Plaintiff received an assignment at Q040, and the school recorded his performance as unsatisfactory because he left his class unattended. (Id.) Because of this incident, the school requested that Plaintiff be placed on its "Do Not Call" list. (Id.) A substitute teacher on a school's "Do Not Call" list will not be offered future assignments at the school. (Id.) Plaintiff explained that he missed one period of class because he fainted from an adverse reaction to a prescribed medication. (Pl.'s Opp'n at 3.)

On June 24, 2014, the BOE sent Plaintiff another letter, informing Plaintiff that his performance was deemed unsatisfactory by P.S. 111 for a March 3, 2014, assignment due to poor classroom management. (July 9, 2014, Ltr. attaching June 24, 2014, BOE Ltr. (Dkt. 4) at 2.) The June 24, 2014, letter also referenced a November 12, 2013, BOE letter that notified Plaintiff that his performance at past assignments were unsatisfactory. (Id.) Plaintiff was "suspended more than 5 times for disciplinary reasons." (Compl. at 8.) He claims that he has not seen any of the complaints about him. (Id.) Plaintiff was never suspended during his prior employment with the BOE. (Id.)

3

On March 25, 2014, Plaintiff filed a charge with the Equal Employment Opportunity Commission ("EEOC") alleging that Defendants discriminated against him. (Id. ¶ 10.) On March 29, 2014, the EEOC notified Plaintiff that it had reviewed his allegations that he was "discriminated against based on [his] national origin and age." (Id. at 6.) The results of the investigation was inconclusive. (Id.) The EEOC dismissed the case, then issued Plaintiff a "Right to Sue" letter, which allowed Plaintiff to pursue his claims in federal court. (Id.)

On May 2, 2014, Plaintiff commenced the present action. On April 3, 2015, the BOE filed its fully briefed motion to dismiss the Complaint. (BOE's Mot.) On February 19, 2016, the DoED filed its motion to dismiss, which the DoED represented it had previously served on Plaintiff on January 23, 2015. (DoED's Mot.; see also Feb. 19, 2016, DoED Ltr. (Dkt. 35).)

## II. LEGAL STANDARD

A motion to dismiss for failure to state a claim under Rule 12(b)(6) tests the legal sufficiency of a plaintiff's claims for relief. Patane v. Clark, 508 F.3d 106, 112 (2d Cir. 2007). In reviewing a complaint, the court accepts as true all allegations of fact and draws all reasonable inferences from these allegations in favor of the plaintiff. See ATSI Commc'ns, Inc. v. Shaar Fund, Ltd., 493 F.3d 87, 98 (2d Cir. 2007). "[A] pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." Erickson v. Pardus, 551 U.S. 89, 94 (2007) (internal quotation marks omitted). While "the submissions of a pro se litigant must be construed liberally and interpreted to raise the strongest arguments that they suggest," Triestman v. Fed. Bureau of Prisons, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks omitted), even a pro se complaint will be dismissed if it does not contain "sufficient factual matter, accepted as true, 'to state a claim to relief that is plausible on its face,'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550

U.S. 544, 570 (2007)). Plausibility "is not akin to a probability requirement," but requires "more than a sheer possibility that a defendant has acted unlawfully." Id. (citing Twombly, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. "[M]ere 'labels and conclusions' or 'formulaic recitation[s] of the elements of a cause of action will not do'; rather, the complaint's '[f]actual allegations must be enough to raise a right to relief above the speculative level.'" Arista Records, LLC v. Doe 3, 604 F.3d 110, 120 (2d Cir. 2010) (quoting Twombly, 550 U.S. at 555).

## III. DISCUSSION

Plaintiff claims that Defendants discriminated against him on the basis of his gender, national origin, and age, in violation of Title VII and the ADEA. Title VII prohibits an employer from discriminating "against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin." 42 U.S.C. § 2000e-2(a)(1); see also id. § 2000e-2(m) ("[A]n unlawful employment practice is established when the complaining party demonstrates that race, color, religion, sex, or national origin was a motivating factor for any employment practice, even though other factors also motivated the practice."). The ADEA prohibits an employer from discriminating "against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's age." 29 U.S.C. § 623(a)(1).

### A. Claims against the U.S. Department of Education

The DoED argues that it should be dismissed from the action because Plaintiff was not a DoED employee. (Mem. in Supp. of Def. DoED's Mot. (Dkt. 34) at 3-5.) The court agrees. It is well settled that Title VII and ADEA claims do not lie against non-employers. Gulino v. N.Y.

5

State Educ. Dep't, 460 F.3d 361, 370 (2d Cir. 2006) ("[T]he existence of an employer-employee relationship is a primary element of Title VII claims."); Sanders-Peay v. N.Y.C. Dep't of Educ., No. 14-CV-4534 (CBA) (MDG), 2014 WL 6473507, at *3 n.3 (E.D.N.Y. Nov. 18, 2014) ("[T]he scope of the ADEA does not extend to claims against non-employers or individuals."). Where the existence of an employment relationship is disputed, courts analyze the parties' relationship under common law agency principles, "plac[ing] special weight on the extent to which the hiring party controls the 'manner and means' by which the worker completes her assigned tasks." Salamon v. Our Lady of Victory Hosp., 514 F.3d 217, 227 (2d Cir. 2008) (quoting Eisenberg v. Advance Relocation & Storage, Inc., 237 F.3d 111, 117 (2d Cir. 2000)). Here, Plaintiff does not allege that he ever worked for the DoED; he only alleges that he was an employee of the BOE. (See Compl. ¶ 8 & 8-9.) Plaintiff does not refer to the DoED at all except in the caption of the case, and there are no suggestions that the DoED had any control over the "manner and means" by which Plaintiff completed his assigned tasks. Accordingly, Plaintiff was not an employee of the DoED, and his claims against the DoED must be dismissed.

### B. Claims against the New York City Board of Education

#### 1. Statute of Limitation

The BOE first raises a threshold issue regarding the timeliness of certain of Plaintiff's claims. (Mem. in Supp. of BOE's Mot. (Dkt. 28-2) at 3-4.) As a prerequisite to filing a Title VII or ADEA claim in federal court, a plaintiff must first pursue the charges of discrimination with the Equal Employment Opportunity Commission. 42 U.S.C. § 2000e-5(e)(1) (Title VII); 29 U.S.C. § 626(d)(1) (ADEA); see also Deravin v. Kerik, 335 F.3d 195, 200 (2d Cir. 2003) (Title VII); Ximines v. George Wingate High Sch., 516 F.3d 156, 158 (2d Cir. 2008) (ADEA). In New York, Title VII and ADEA claims accruing more than 300 days prior to the EEOC filing are time barred. Almontaser v. N.Y.C. Dep't of Educ., No. 13-CV-5621 (ILG) (VMS), 2014

WL 3110019, at *5 (E.D.N.Y. July 8, 2014). Because Plaintiff filed his charge with the EEOC on March 25, 2014, all claims arising from acts occurring before May 29, 2013—300 days before March 25, 2014—are untimely.

Even if Plaintiff were to argue that his untimely claims are saved by the "continuing violation" exception, he has not shown that such exception applies here. "The continuing violation doctrine applies 'to cases involving specific discriminatory policies or mechanisms . . . .'" Valtchev v. City of New York, 400 F. App'x 586, 588 (2d Cir. 2010) (quoting Lambert v. Genesee Hosp., 10 F.3d 46, 53 (2d Cir. 1993)). If a plaintiff can show that a continuing discriminatory policy or mechanism existed, then acts pursuant to the policy or mechanism committed without the limitations period would be saved so long as one act occurred within the limitations period. Id. at 588-89. Allegations of discrete instances of discrimination, even similar ones, are insufficient. Id.

The incidents upon which Plaintiff's claims are based consist mostly of negative evaluations of Plaintiff's job performance. (See Compl. ¶ 8 & 7-8.) These incidents occurred over a period of more than thirty years, during which time Plaintiff worked at different schools and in different capacities. (See id.) Plaintiff has not alleged that these acts were committed as part of a continuing discriminatory policy or mechanism. In any case, courts have held that "negative performance evaluations are considered discrete acts." Almontaser, 2014 WL 3110019, at *5 (collecting cases). Plaintiff's allegations of discrete acts occurring over decades do not justify the application of the continuing violation exception. Accordingly, only acts occurring on or after May 29, 2013, can support Plaintiff's employment discrimination claims; all other claims are barred.

7

2. <u>Claims for Discrimination</u>

Although a complaint need not allege facts establishing each element of a prima facie case to survive a Rule 12(b)(6) challenge, "it must at a minimum assert nonconclusory factual matter sufficient to nudge its claims across the line from conceivable to plausible." E.E.O.C. v. Port Auth. of N.Y. & N.J., 768 F.3d 247, 254 (2d Cir. 2014) (internal quotation and alteration marks omitted). Under Title VII, "what must be plausibly supported by facts alleged in the complaint is that the plaintiff is [1] a member of a protected class, [2] was qualified, [3] suffered an adverse employment action, and [4] has at least minimal support for the proposition that the employer was motivated by discriminatory intent." Littlejohn v. City of New York, 795 F.3d 297, 311 (2d Cir. 2015). Under the ADEA, in contrast to Title VII, it is insufficient that an employer's discriminatory intent was a motivating factor in the adverse employment action; rather, age must be the "but for" cause. Ingrassia v. Health & Hosp. Corp., No. 14-CV-1900 (PKC), 2015 WL 5229444, at *6 (E.D.N.Y. Sept. 8, 2015).

Plaintiff asserts claims for discrimination based on gender, national origin, and age.[3] Yet, he does not allege, even conclusorily, that his gender, national origin, or age played a role in the

---

[3] Plaintiff alleges discrimination based on his gender, but it does not appear that he exhausted his administrative remedies by first asserting gender discrimination claims before the EEOC. (See Compl. ¶ 7 & 6 (letter from the EEOC stating that Plaintiff alleged he was "discriminated against because of [his] national origin and age").) Because a filing with the EEOC is a prerequisite for a federal Title VII or ADEA action, Plaintiff's gender discrimination claims would be barred unless his gender discrimination claims are "reasonably related to those that were filed with the agency." Legnani v. Alitalia Linee Aeree Italiane, S.P.A., 274 F.3d 683, 686 (2d Cir. 2001) (internal quotation marks omitted). A claim is "reasonably related if the conduct complained of would fall within the scope of the EEOC investigation which can reasonably be expected to grow out of the charge that was made." Fitzgerald v. Henderson, 251 F.3d 345, 359-60 (2d Cir. 2001) (internal quotation marks omitted). Courts have found that gender discrimination claims are not reasonably related to national origin or age discrimination claims. See Sicular v. N.Y.C. Dep't of Homeless Servs., No. 09-CV-0981 (AKH) (AJP), 2010 WL 423013, at *12-14 (S.D.N.Y. Feb. 4, 2010) (dismissing gender discrimination claims because they were not reasonably related to the EEOC claims based on race, age, and religion); see also Sloth v. Constellation Brands, Inc., 883 F. Supp. 2d 359, 369 (W.D.N.Y. 2012) (dismissing race, national origin, and color discrimination claims as not reasonably related to gender discrimination claim); Bedden-Hurley v. N.Y.C. Bd. of Educ., 385 F. Supp. 2d 274, 277 (S.D.N.Y. 2005) (dismissing gender discrimination claims as not reasonably related to age discrimination claims). However, the court need not decide at this stage whether Plaintiff's gender discrimination

adverse employment actions supposedly undertaken by the BOE. In fact, there are no references to his gender or national origin in his statement of the facts, and only one mention of his age. (Compl. ¶ 8, at p.8-9.) In the one instance where Plaintiff cites his age, it is in passing: "As I had reached 65 years I resigned on 10/20/1993." Plaintiff does not claim that he was forced to resign in 1993 because he was discriminated against based on his age. Even if his claim is one of "constructive discharge," Plaintiff fails, as he must, to allege facts supporting an inference that the BOE "create[d] a work atmosphere so intolerable that he [wa]s forced to quit involuntarily." Terry v. Ashcroft, 336 F.3d 128, 151-52 (2d Cir. 2003).[4] In any event, as explained previously, incidents occurring before May 29, 2013, are time barred, so any claim related to Plaintiff's 1993 resignation has long grown stale. In short, Plaintiff does not provide even minimal support that any alleged adverse employment actions were motivated by discriminatory intent as Title VII mandates, much less that any discriminatory intent was the but for cause as the ADEA requires. Plaintiff's gender, national origin, and age discrimination claims must be dismissed.

### 3. Claims for Retaliation

Plaintiff also claims that the BOE retaliated against him, but it is unclear for what. Both Title VII and the ADEA prohibits an employer from retaliating against an employee for protesting actions made unlawful by each respective statute. 42 U.S.C. § 2000e-3(a) (Title VII); 29 U.S.C. § 623(d) (ADEA). To establish claim for retaliation, a plaintiff must allege "(1) participation in a protected activity; (2) that the defendant knew of the protected activity; (3)

---

claims are properly before the court, because Plaintiff's submissions to the EEOC are not part of the record, and because Plaintiff's gender discrimination claims are disposed of by other means in this Order.

[4] Plaintiff also does not allege that the incidents occurring prior to his resignation related to the time period leading up to his resignation such that they were relevant. (Compl. ¶ 8 & 8 (describing events that occurred between 1980, when he began his employment with the BOE, and October 20, 1993, when he resigned, but without specifying when these incidents occurred).) See Almontaser, 2014 WL 3110019, at *4 (disregarding numerous allegedly discriminatory acts because they occurred a year or more prior to plaintiff's retirement).

adverse employment action; and (4) a causal connection between her protected activity and the adverse employment action." Ingrassia, 2015 WL 5229444, at *9 (quoting Pocino v. Culkin, No. 09-CV-3447, 2010 WL 3516219, at *2 (E.D.N.Y. Aug. 31, 2010)) (internal alteration marks omitted). Protected activity include both formal complaints of discrimination as well as informal protests to management. See La Grande v. DeCrescente Distrib. Co., 370 F. App'x 206, 212 (2d Cir. 2010). "The employee's complaints must make clear to the employer that the employee believes she is being discriminated against on the basis of a protected trait." Ingrassia, 2015 WL 5229444, at *9. While a plaintiff need not establish a prima facie case to survive a motion to dismiss, a retaliation claim must be dismissed if the "statement of facts [is] so conclusory it fails to give notice of the basic events and circumstances on which a plaintiff relies." Id. (quoting Patane, 508 F.3d at 115).

Nowhere in the Complaint does Plaintiff allege that he made any formal or informal protests about being discriminated against on the basis of a protected trait. The absence of any factual allegation regarding the very discrimination upon which Plaintiff's claims are based is again fatal. Plaintiff's retaliation claims must be dismissed.

### C. Leave to Amend

Plaintiff has not requested leave to amend his Complaint. However, "[w]hen addressing a pro se complaint, a district court should not dismiss without granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." Aquino v. Prudential Life & Cas. Ins. Co., 419 F. Supp. 2d 259, 278 (E.D.N.Y. 2005). "A court should only deny a pro se plaintiff leave to amend when it is beyond doubt that the plaintiff can provide no set of facts in support of his amended claims." Harrison v. New York, 95 F. Supp. 3d 293, 331 (E.D.N.Y. 2015) (internal quotation marks omitted).

10

Nevertheless, leave to amend need not be granted if repleading would be futile. Id. Courts have found that amendments to time barred claims are futile. See Apostolidis v. JP Morgan Chase & Co., No. 11-CV-5664 (JFB) (WDW), 2012 WL 5378305, at *9 (E.D.N.Y. Nov. 2, 2012).

Despite the paucity of allegations relating to any form of discrimination, the court cannot say that "it is beyond doubt that the plaintiff can provide no set of facts in support of his amended claims." Harrison, 95 F. Supp. 3d at 331. Plaintiff has alleged, for example, that he received negative performance reviews that led to his placement on multiple schools' "Do Not Call" lists. While Plaintiff fails to connect the dots and explain how these incidents are related to his discrimination claims, he may yet be able to do so if given a second chance. The court therefore grants Plaintiff leave to amend his Complaint to the extent he is able. Leave to replead, however, does not extend to claims that are time barred, i.e., incidents occurring before May 29, 2013, because such amendment would be futile. See supra III.B.1.

## IV. CONCLUSION

For the foregoing reasons, Defendant DoED's motion to dismiss the Complaint is GRANTED, Defendant BOE's motion to dismiss the Complaint is GRANTED, and Plaintiff is GRANTED leave to amend the Complaint within sixty (60) days from the date of entry of this Order to include additional supporting allegations addressing the deficiencies raised herein. Plaintiff's failure to amend the Complaint in a timely fashion will result in the dismissal of Plaintiff's case with prejudice for failure to prosecute.

SO ORDERED.

s/Nicholas G. Garaufis

Dated: Brooklyn, New York
February 25, 2016

/NICHOLAS G. GARAUFIS
United States District Judge