D|F

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
KURT L. KLESTADT,

                Plaintiff,

      -against-

JOHN KING, JR., SECRETARY OF
EDUCATION, U.S. DEPARTMENT OF
EDUCATION, and NYC BOARD OF
EDUCATION,

                Defendants.
------------------------------------------------------------------X

**MEMORANDUM & ORDER**

**14-CV-2831 (NGG) (LB)**

NICHOLAS G. GARAUFIS, United States District Judge.

Pro se Plaintiff Kurt L. Klestadt brought this employment discrimination action against Defendants Secretary John King, Jr., of the U.S. Department of Education[1] and the New York City Board of Education, for violations of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e to 2000e-17, and the Age Discrimination in Employment Act, 29 U.S.C. §§ 621-34. (See Compl. (Dkt. 1).) Plaintiff alleges that Defendants discriminated against him on the basis of his gender, national origin, and age. (Id. ¶ 7.) Defendants separately moved to dismiss the Complaint for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6). (See U.S. Department of Education Not. of Mot. (Dkt. 33); New York City Board of Education Not. of Mot. (Dkt. 28-1).) On February 25, 2016, the court granted Defendants' motions to dismiss the Complaint but sua sponte granted Plaintiff 60 days to amend the Complaint. (Mem. & Order

---

[1] Plaintiff originally named the "U.S. DOE" as a defendant in this action, which the court assumes to be the U.S. Department of Education, rather than the U.S. Department of Energy. (See Compl.) "U.S. DOE" commonly refers to the U.S. Department of Energy. (Mem. & Order (Dkt. 36) at 1 n.1.) Because the proper defendant in a Title VII or ADEA lawsuit is the "head of the federal agency in which the alleged discriminatory actions occurred," U.S. DOE was replaced with Arne Duncan, Secretary of Education, U.S. Department of Education. (Id.) The current Secretary of Education is John King, Jr. The Clerk of Court is respectfully directed to replace Arne Duncan with John King, Jr.

1

re Mot. to Dismiss (Dkt. 36).) The court warned that Plaintiff's failure to amend the Complaint in a timely fashion would result in the dismissal of this case with prejudice. (Id. at 11.) Because Plaintiff did not amend his Complaint within the allotted 60-day period, the court dismissed the action on May 3, 2016. (Order (Dkt. 37).) The Clerk of Court entered judgment on the same day. (J. of Clerk (Dkt. 38).) On June 9, 2016, Plaintiff filed a letter with the court seeking reconsideration of the dismissal of the Complaint and an appointment of counsel. (Pl.'s Ltr. (Dkt. 39).)

I. BACKGROUND

The court assumes familiarity with the underlying facts and procedural history of this action, and refers to its February 25, 2016, Memorandum and Order for additional detail.

In brief, Plaintiff alleged that he was discriminated against based on his gender, national origin, and age in violation of Title VII of the Civil Rights Act of 1964, and the Age Discrimination in Employment Act. (See Compl.) The court dismissed claims against the Secretary of Education because Plaintiff failed to allege that he was employed by the U.S. Department of Education. (Mem. & Order at 5-6.) As to the New York City Board of Education ("BOE"), with which Plaintiff was employed as a teacher, the court held as a threshold matter that acts occurring before May 29, 2013, are time barred. (Id. at 6-7.) The court then dismissed Plaintiff's discrimination and retaliation claims because Plaintiff failed to allege, "even conclusorily, that his gender, national origin, or age played a role in the adverse employment actions supposedly undertaken by the BOE." (Id. at 8-10.)

II. LEGAL STANDARD

Pursuant to Local Civil Rule 6.3, "a notice of motion for reconsideration or reargument of a court order determining a motion shall be served within fourteen (14) days after the entry of the

Court's determination of the original motion, or in the case of a court order resulting in a judgment, within fourteen (14) days after the entry of the judgment." In seeking reconsideration, the movant must "point to controlling decisions or data that the court overlooked—matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." Shrader v. CSX Transp. Inc., 70 F.3d 255, 257 (2d Cir. 1995) (citations omitted). "Reconsideration of a court's previous order is an 'extraordinary remedy to be employed sparingly in the interests of finality and conservation of scarce judicial resources.'" Parrish v. Sollecito, 253 F. Supp. 2d 713, 715 (S.D.N.Y. 2003) (quoting In re Health Mgmt. Sys. Inc. Secs. Litig., 113 F. Supp. 2d 613, 614 (S.D.N.Y. 2000)). It may not be "used as a vehicle for relitigating issues already decided by the Court." Davidson v. Scully, 172 F. Supp. 2d 458, 461 (S.D.N.Y. 2001). "The decision to grant or deny [such] a motion . . . is within the sound discretion of the district court." In re Optimal U.S. Litig., 813 F. Supp. 2d 383, 403 (S.D.N.Y. 2011).

A party may also move for relief from a final judgment or order pursuant to Federal Rule of Civil Procedure 60(b). Rule 60(b) provides:

> On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:
>
> (1) mistake, inadvertence, surprise, or excusable neglect;
>
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
>
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
>
> (4) the judgment is void;

3

> (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
>
> (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b). A Rule 60 motion must be made within a "reasonable time" or within a year in the case of mistake, new evidence, or fraud. Fed. R. Civ. P. 60(c)(1). "Relief is warranted where there are extraordinary circumstances, or where the judgment may work an extreme and undue hardship, and should be liberally construed when substantial justice will thus be served." United Airlines, Inc. v. Brien, 588 F.3d 158, 176 (2d Cir. 2009) (citation and internal quotation marks omitted). Among other things, "evidence in support of the motion to vacate a final judgment [must] be 'highly convincing.'" Kotlicky v. U.S. Fid. & Guar. Co., 817 F.2d 6, 9 (2d Cir. 1987) (quoting United States v. Cirami, 563 F.2d 26, 33 (2d Cir. 1977)). "[T]he heavy burden for securing relief from final judgments applies to pro se litigants as well as to those who are represented by counsel." Broadway v. City of New York, No. 96-CV-2798 (RPP), 2003 WL 21209635, at *3 (S.D.N.Y. May 21, 2003). "The decision whether to grant a party's Rule 60(b) motion is committed to the 'sound discretion' of the district court." Stevens v. Miller, 676 F.3d 62, 67 (2d Cir. 2012) (quoting In re Emergency Beacon Corp., 666 F.2d 754, 760 (2d Cir. 1981)).

Unlike in criminal cases where defendants have a constitutional right to counsel, there is no analogous right in civil cases and thus "there is no panel of government-funded attorneys available to be appointed to represent litigants in civil cases." Jenkins v. Morris, No. 11-CV-4178 (SLT) (CLP), 2012 WL 1887134, at *4 (E.D.N.Y. May 23, 2012). However, while "[a] court cannot compel an attorney to take a civil case without a fee, . . . it may 'request an attorney to represent any person unable to afford counsel.'" Justice v. Kuhnapfel, 982 F. Supp. 2d 233, 234 (E.D.N.Y. 2013) (quoting 28 U.S.C. § 1915(e)(1)). Before granting such a

request for counsel, as a threshold matter, a court must "first determine whether the indigent's position [is] likely to be of substance." Id. (alteration in original) (quoting Cooper v. A. Sargenti Co., 877 F.2d 170, 172 (2d Cir. 1989)). "This means that it appears to the court from the face of the pleadings that the claim(s) asserted by the plaintiff may have some merit, or that the plaintiff appears to have some chance of success." Sommersett v. City of New York, 679 F. Supp. 2d 468, 472 (S.D.N.Y. 2010) (citations and internal quotation marks omitted).

## III. DISCUSSION

On June 9, 2016, the court received a short handwritten letter from Plaintiff which stated his desire to "appeal" and for help "to locate pro bono attorney." (Pl.'s Ltr.) Plaintiff does not specify what he wants to "appeal." Nor does he specifically ask that the court request an attorney represent him in this civil action. However, in the interest of justice, the court construes Plaintiff's letter as a motion pursuant to Local Civil Rule 6.3 for reconsideration of the court's February 25, 2016, Memorandum and Order granting Defendants' motion to dismiss, and the May 3, 2016, Order dismissing the action after Plaintiff failed to timely amend his Complaint. Alternatively, the court treats Plaintiff's letter as a motion for relief from the Clerk of Court's subsequent entry of final judgment pursuant to Federal Rule of Civil Procedure 60(b). In addition, the court will consider Plaintiff's request for help locating pro bono counsel as a motion requesting counsel pursuant to 28 U.S.C. § 1915(e)(1).

The time has passed for Plaintiff to move for reconsideration of the court's February 25, 2016, Memorandum and Order, or the May 3, 2016, Order. Such a motion must be served within 14 days after the court's order. See Local Civil Rule 6.3. The instant letter-motion was filed on June 9, 2016: 105 days after entry of the February 25, 2016, Memorandum and Order granting Defendants' motion to dismiss, and 37 days after entry of the May 3, 2016, Order

dismissing the Complaint with prejudice. Plaintiff's motion for reconsideration is thus untimely. Even if Plaintiff had timely moved, his motion would still fail because he does not "point to [any] controlling decisions or data that the court overlooked—matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." Shrader, 70 F.3d at 257 (citations omitted). In fact, Plaintiff does not offer any reason why the court should reconsider its prior rulings or explain how he believes the court had erred. Plaintiff has simply noted his desire for an "appeal." (Pl.'s Ltr.) Reconsideration is an "extraordinary remedy to be employed sparingly." In re Health Mgmt. Sys. Inc. Secs. Litig., 113 F. Supp. 2d at 614. An extraordinary remedy is not warranted here. Because Plaintiff's motion is untimely, and because he has failed to persuade the court that it overlooked any controlling law or fact, the motion for reconsideration is denied.

Plaintiff similarly fails to carry his "heavy burden for securing relief from final judgment[]" pursuant to Rule 60(b). Broadway, 2003 WL 21209635, at *3. While Plaintiff moved before the one-year deadline for motions under Rule 60(b)(1)-(3), and likely moved within the "reasonable time" required for motions under Rule 60(b)(4)-(6), as noted above, he has provided no reason why his motion should be granted. Permissible grounds for vacation of final judgment include "mistake, inadvertence, surprise, or excusable neglect," "newly discovered evidence," "fraud," that the judgment is void or had been satisfied or released, or "any other reason that justifies relief." Fed. R. Civ. P. 60(b)(1)-(6). Plaintiff has not alleged any of these reasons in his motion; nor has he presented the "highly convincing" evidence necessary to vacate the final judgment entered in this case. See Kotlicky, 817 F.2d at 9. Accordingly, the court denies Plaintiff's motion for relief pursuant to Rule 60.

Finally, Plaintiff's motion requesting counsel must also be denied. The court notes that it previously rejected Plaintiff's motion to proceed in forma pauperis because "he has sufficient resources to pay the $400 filing fee to commence this action." (Mem. & Order re Mot. to Proceed In Forma Pauperis (Dkt. 5).) In any event, to be eligible for a request for counsel pursuant to 28 U.S.C. § 1915(e)(1), Plaintiff must show that his position is "likely to be of substance." Justice, 982 F. Supp. 2d at 234. In other words, it must be apparent "from the face of the pleadings that the claim(s) asserted . . . have some merit, or . . . appears to have some chance of success." Sommersett, 679 F. Supp. 2d at 472. He has failed to meet this burden. Plaintiff asserts claims of discrimination and retaliation based on gender, national origin, and age, but the Complaint is devoid of any allegation—conclusory or otherwise—that he was discriminated or retaliated against based on his gender, national origin, and age. (See generally Mem. & Order re Mot. to Dismiss.) The court granted Plaintiff leave to cure these pleading deficiencies (id. at 10-11), but Plaintiff chose not to do so. The court has not found any indication in Plaintiff's various filings, including the instant letter-motion, that any of his causes of action are likely to be of substance. Because the court has already found that the claims in the Complaint are without merit, the court denies Plaintiff's motion for the court to assist in finding counsel to represent him.

## IV. CONCLUSION

For the foregoing reasons, Plaintiff's motion for reconsideration pursuant to Local Civil Rule 6.3 and for relief from final judgment pursuant to Rule 60(b) is DENIED. Plaintiff's motion requesting counsel pursuant to 28 U.S.C. § 1915(e)(1) is also DENIED. The Clerk of Court is respectfully DIRECTED to forward a copy of this Memorandum and Order to Plaintiff,

along with a copy of the court's February 25, 2016, Memorandum and Order, and the May 3, 2016, Order.

SO ORDERED.

Dated: Brooklyn, New York
July __, 2016

s/Nicholas G. Garaufis

NICHOLAS G. GARAUFIS
United States District Judge